IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR I. NOVAK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV562 |
| | ) | |
| v. | ) | |
| | ) | |
| VAN ENTERPRISES EMPLOYEE BENEFIT TRUST, and FMH BENEFIT SERVICES, INC., | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion to dismiss count one of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Filing No. 4. This is a case arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*. Defendants argue that plaintiff is erroneously relying on estoppel principles to obtain ERISA benefits in count one that are not payable under the terms of the ERISA plan.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

Plaintiff was an employee of Husker Auto Group, a subsidiary of Van Enterprises, Inc. (Van). Van established an employee benefit trust (Trust) to provide benefits to employees, including plaintiff. Defendant FMH Benefit Services, Inc. (FMH) administered the Trust. When plaintiff turned 65, he enrolled in Medicare Part A coverage. He did not enroll in Medicare Part B, as he had health care coverage through the Trust. Plaintiff says that the human resources director for the defendant told him he did not need Part B coverage.

Thereafter, plaintiff was hospitalized for a brain tumor. Upon inquiry, plaintiff was informed by FMH that he was covered. However, following hospitalization and treatments, plaintiff received a copy of the Summary Plan Description (SPD) and was told he would be covered as though he was under Medicare Part B, not his health care plan. According to plaintiff, he had never received a copy of such SPD until that time and, therefore, he did not make certain elections, since he did not know of the need to do so. As a result, plaintiff says he has incurred $230,000 in medical bills rather than the $2,500 he should have incurred.

Plaintiff's first cause of action asks for equitable estoppel on the basis that the defendants failed to provide him with a copy of the SPD and, thus, he did not have an opportunity to make Medicare B elections. Defendants argue that the Eighth Circuit will not permit use of equitable estoppel to recover money damages in an ERISA case. *Jensen v. Sipco, Inc.*, 38 F.3d 945, 953 (8th Cir. 1994); *Slice v. Sons of Norway*, 34 F.3d 630, 632 (8th Cir. 1994). Defendants also contend that the failure to provide an SPD or other plan documents does not entitle one to coverage which he is not entitled to under the plan*. Burke v. Univar USA, Inc.*, 354 F. Supp.2d 1047, 1056 (E.D. Mo. 2005). Further,

argues defendants, "ERISA precludes oral or informal amendments to a plan, by estoppel or otherwise." *Id.*

Plaintiff contends that but for defendants' failure to provide him with an SPD, he would have received benefits under the plan. Thus, he argues, the argument made by the defendants is inapplicable. *See Palmisano v. Allina Health Systems, Inc.*, 190 F.3d 881, 887-88 (8th Cir. 1999) (recognizing that a claim based upon a faulty plan description can be established based upon reliance or prejudice flowing from the summary).

The court notes that the *Jensen* case also states: "Although we have left open the question whether equitable estoppel will ever give rise to an ERISA claim. . . ." *Jensen*, 38 F.3d at 953. The court further stated "[a]t a minimum, these considerations demonstrate that, if estoppel is an available doctrine, it must be applied with factual precision and therefore is not a suitable basis for class-wide relief." *Id.* Obviously, defendants' contention that the Eighth Circuit categorically prohibits equitable estoppel claims is without merit. In addition, some courts have permitted the use of the equitable estoppel doctrine where there is proof of a material misrepresentation. *See, e.g., Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir. 1990). In *Slice*, the court stated that the district court correctly determined that the recipient of benefits "has failed to state an actionable claim of equitable estoppel. In reaching this conclusion, we agree with the First Circuit's analysis in *Law v. Ernst & Young*, 956 F.2d 364, 367-68 (1st Cir. 1992)." *Slice*, 34 F.3d at 634. In *Law*, the First Circuit reversed the district court's decision to permit the plaintiff to pursue an estoppel claim, where "the plaintiff had failed to establish that the estoppel would merely hold his employer to a plausible interpretation of the retirement plan, rather than a modification of the plan. *Id.*" *Slice*, 34 F.3d 635. This indicates that there are certain

3

circumstances and issues which permit a party to raise equitable estoppel in an ERISA case.

The court is not convinced that it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief.  Plaintiff has not set forth allegations that show on the face of the complaint that there is some insuperable bar to relief.  On the contrary, if plaintiff's claims are taken as true, misrepresentations have been made, plaintiff has detrimentally relied on the same, and plaintiff has incurred significant damages.  Because this is a motion to dismiss, the court has no evidence at this time before it that would permit findings on the factual issues related to the motion to dismiss. Accordingly, the court will not dismiss this claim at this juncture in the case.  The parties shall proceed to conduct discovery in this case.  If after the close of discovery defendants believe they still have a valid basis for dismissal, they are free at that time to file a motion for summary judgment that is appropriately documented for the court's review.

THEREFORE, IT IS ORDERED THAT defendants' motion to dismiss, Filing No. 4, is denied.

DATED this 29th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge